IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGY CO., LTD,<br><br>Defendant. | CASE NO. 6:20-cv-01019<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "Brazos"), by and through its attorneys, files this Complaint for Patent Infringement against defendant TP-LINK Technology Co., Ltd. ("Defendant" or "TP-Link") and hereby alleges as follows:

### I.   NATURE OF ACTION

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including §§ 271, 281, 283, 284, and 285. This action is brought to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Brazos's patented invention.

2. Brazos is the owner of all rights, title, and interest in and to US Patent No. 7,333,770 (the "'770 Patent" or the "Patent") including all rights to recover for all past and future infringement thereof.

3. Upon information and belief, Defendant has been and currently is infringing, contributing to the infringement of, and/or inducing the infringement of Brazos's Patent, by,

1

among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States and the State of Texas, products that are covered by one or more claims of Brazos's Patent and inducing such conduct by others.

4. Defendant manufactures, provides, sells, offers for sale, imports, and/or distributes Infringing Products (as defined herein) and services; and/or induces others to make and use of its Infringing Products and services in an infringing manner; and/or contributes to the making and use of Infringing Products and services by others, including its customers, who directly infringe the Patent.

## II. THE PARTIES

5. Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

6. Upon information and belief, Defendant TP-LINK Technology Co., Ltd. is a corporation organized and existing under the laws of China, with a place of business located at South Building, No. 5 Keyuan Road, Science and Technology Park, Nanshan District, Shenzhen, Peoples Republic of China.

7. TP-LINK Technology Co., Ltd. may be served with process by serving the Texas Secretary of State, James E. Rudder Building, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute. This action arises out of that business.

8. Defendant manufactures and distributes electronics. Defendant, either itself and/or through the activities of its subsidiaries or agents, makes, uses, sells, offers for sale, and/or imports

throughout the United States, including within this District, computer networking products, that infringe the '770 Patent, defined below.

### III. JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Alternatively, this Court has jurisdiction over Defendant under Fed. R. Civ P. 4(k)(2) ("Federal Claim Outside State-Court Jurisdiction").

10. This Court has specific and general personal jurisdiction over TP-Link pursuant to due process and/or the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042, because (1) TP-Link has committed and continues to commit acts of patent infringement, including acts giving rise to this action, within the State of Texas and this Judicial District; (2) TP-Link has committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, inducing others to commit acts of patent infringement in Texas, and/or committing at least a portion of any other infringements alleged herein.

11. The Court's exercise of jurisdiction over TP-Link would not offend traditional notions of fair play and substantial justice because TP-Link has established minimum contacts with the forum. For example, on information and belief, TP-Link has committed acts of infringement in this Judicial District, directly and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing products and/or services that infringe the '770 Patent, as alleged herein. TP-Link has purposefully and voluntarily placed infringing products into the stream of commerce by shipping infringing products through established distribution channels into the State of Texas, knowing or expecting that the Infringing Products would be shipped into Texas.

12. Upon information and belief, TP-Link has continuous and systematic business contacts with the State of Texas. TP-Link, directly and/or through affiliates and/or intermediaries, conducts its business extensively throughout the State of Texas, by shipping, importing, manufacturing, distributing, offering for sale, selling, and/or advertising its products and services in the State of Texas and this Judicial District. TP-Link interacts with subsidiaries, distributors, resellers and/or customers who sell the infringing products into Texas, knowing or expecting that these subsidiaries, distributors, resellers and/or customers will then sell the Infringing Products into the State of Texas, either directly or through intermediaries.

13. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 139l(c)(3) which provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b). TP-Link has transacted business in this Judicial District and has committed acts of direct and indirect infringement in this Judicial District by, among other things, importing, offering to sell, and selling products that infringe the Patent.

15. Upon information and belief, TP-Link designs, manufactures, uses, imports into the United States, sells, and/or offers for sale in the United States products that infringe the '770 Patent, directly and or through intermediaries, as alleged herein. TP-Link markets, sells, and/or offers to sell its products and services, including those accused herein of infringement, to actual and potential customers and end-users located in the State of Texas and in this Judicial District, as alleged herein.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 7,333,770**

16. Brazos re-alleges and incorporates by reference the preceding paragraphs 1-15 of this Complaint.

17. On February 19, 2008, the U.S. Patent & Trademark Office duly and legally issued U.S. Patent No. 7,333,770, entitled "Optimised data broadcasting device in a telecommunication system."

18. Brazos is the owner of all rights, title, and interest in and to the '770 Patent, including the right to assert all causes of action arising under the '770 Patent and the right to any remedies for the infringement of the '770 Patent.

19. For example, claim 1 of the '770 Patent states:

A device for broadcasting information in an access network comprising a plurality of interconnected nodes configured for conveying streams of information items between information content providers and receiver terminals, characterized in that said device is installed in one or more network nodes and comprises a node profile management circuit configured by an operator of the network or an operator of the node as a function of objective or subjective criteria and a mechanism configured for filtering broadcast information items that controls a switch to filter said information items.

20. TP-Link's Accused Products meet every limitation of claim 1 of the '770 Patent, as well as other claims of the '770 Patent.

21. TP-Link makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, networking products such as High-Speed Cable Modems, wireless and/or mesh routers, switches, ADSL, range extenders, and other devices like IP cameras, powerline adapters, print servers, media converters, wireless adapters, power banks, mobile phones, and SMART home technology devices.

22. TP-Link makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, mesh Wi-Fi products that use a plurality of

interconnected nodes to broadcast information to connected devices in an access network and allow users to filter said broadcast information items based on certain criteria, including but not limited to TP-Link's Deco Mesh Wi-Fi series of routers and all products that operate in a substantially similar manner (collectively, the "Accused Products").

23. The Accused Products are equipped with Wi-Fi 6/Wi-Fi 5 to be able to broadcast information to the connected devices in a private network (ie., access network). These units support both 5GHz and 2.4 GHz band to connect to devices. TP-Link instructs its users regarding broadcasting information via a Wi-Fi connection as follows:

> **Deco X60** New
>
> **AX3000 Whole Home Mesh Wi-Fi System**
>
> - Faster Connections: Wi-Fi 6 speeds up to 3,000 Mbps—2,402 Mbps on 5 GHz and 574 Mbps on 2.4 GHz.
> - Connect More Devices: OFDMA and MU-MIMO technology quadruple capacity to enable simultaneous transmission to more devices.

[1]

24. The method practiced by the Accused Products comprises a plurality of interconnected nodes configured for conveying streams of information items between information content providers and receiver terminals.

25. For example, TP-Link's Deco series is a home mesh Wi-Fi system which includes multiple units. In the Deco based Wi-Fi system, one unit links to the modem and becomes the main hub, and the other units are connected to the main hub for receiving and broadcasting the signal (i.e., plurality of interconnected nodes). TP-Link's Deco series forms a plurality of interconnected nodes as follows:

---

[1] https://www.tp-link.com/in/home-networking/deco/deco-x60/, p. 1.



2

26.     The mesh Wi-Fi system formed by the Accused Products lets user devices connect to the internet and it transmits streams of information items to a plurality of user devices (i.e., receiver terminals) from content providers over the internet. TP-Link instructs users to connect to the internet via TP-Link's Deco mesh technology that in turn, transmits information to connected user devices as follows:



3

---

[2] https://www.tp-link.com/us/mesh-wifi/, p.2.
[3] https://www.tp-link.com/us/deco-mesh-wifi/product-family/deco-m9-plus/, p.5.

27.     The method practiced by the Accused Products is characterized in that said device is installed in one or more network nodes and comprises a node profile management circuit configured by an operator of the network or an operator of the node as a function of objective or subjective criteria and a mechanism configured for filtering broadcast information items that controls a switch to filter said information items.

28.     For example, TP-Link's Deco series is a home mesh Wi-Fi system and the TP-Link Deco mesh units provide some advanced features including parental control, Homecare, Antivirus etc., enabled with the help of the processor (i.e., node profile management circuit). TP-Link instructs users to utilize the Deco processor to enable features such as parental control as follows:

| HARDWARE FEATURES | |
|---|---|
| Processor | Qualcomm 1 GHz Quad-core CPU |
| Interface | 2 LAN/WAN Gigabit Ethernet Ports |

| SOFTWARE FEATURES | |
|---|---|
| Advanced Features | Homecare:<br>Antivirus<br>Parental Controls<br>Quality of Service |

4

29.     The administrator of the Deco mesh units (i.e., operator of the node) can configure the parental controls based on the age of the user (i.e., objective criteria) such that some of the content on the internet is not accessible by that particular user. The access is denied by blocking

---

[4] https://www.tp-link.com/in/home-networking/deco/deco-x20/#specifications, pp. 2-3.

those websites, which may include blocking categories like download, games, adult websites, or a specific website. TP-Link instructs the user of the Accused Products to configure parental controls based on objective criteria as follows:



5

30. As an example, some of the websites broadcast content in the form of push notifications. A user can subscribe to the push notifications by going to these websites and allowing the websites to send the push notifications. These push notifications (i.e., broadcast information items) contain various types of data related to the transmitting server (IP address), various topics and are broadcasted by the website server.

---

[5] https://www.tp-link.com/us/support/faq/1598/, p. 3.

9

> **What are push notifications?**
>
> A push notification is a message that pops up on a mobile device. App publishers can send them at any time; users don't have to be in the app or using their devices to receive them. They can do a lot of things; for example, they can show the latest sports scores, get a user to take an action, such as downloading a coupon, or let a user know about an event, such as a flash sale.

[6]

31. Push notifications originate from the website's (i.e., content provider's) server. When a user of the Accused Products activates parental controls, categories like download, games, adult websites or a specific website gets blocked and in turn, the push notifications broadcasted by these websites also get blocked (i.e., filter said information items) based on the objective criteria like user age. Further, the Accused Products allow users to block the specific IP addresses which are transmitting these push notifications.[7]

32. Accordingly, based upon the information and belief, TP-Link's Deco Mesh Wi-Fi series includes a mechanism that controls a switch to filter said information items.

33. TP-Link has received notice and actual or constructive knowledge of its infringement of the '770 Patent no later than the date of service of this Complaint.

34. Since at least the date of service of this Complaint, through its actions, TP-Link has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '770 Patent throughout the United States, including within this Judicial District, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such

---

[6] https://www.airship.com/resources/explainer/push-notifications-explained/, p. 2.
[7] For example, Twitter Inc.'s twitter.com. *See* https://ipinfo.io/AS13414#blocks, pp. 3-4, demonstrating that IP addresses belong to the content provider.

10

advertising, promoting, and/or instructing include web advertising in the form of product pages and product specifications,[8] and support forum postings.[9]

35.     TP-Link was and is aware that the normal and customary use by end users of the Accused Products infringes the '770 Patent. TP-Link's inducement is ongoing.

36.     Brazos has suffered damages as a result of TP-Link's direct and indirect infringement of the '770 Patent in an amount adequate to compensate for TP-Link's infringement, but in no event less than a reasonable royalty for the use made of the invention by TP-Link, together with interest and costs as fixed by the Court.

37.     Defendant continued to make, use, sell and/or import Infringing Products, to induce others to engage in such conduct, and/or to contribute to others engaging in such conduct despite knowing that its actions constituted infringement of a valid patent.

38.     Accordingly, Defendant acted egregiously and/or knowingly or intentionally when it infringed the '770 Patent.

## IV.     JURY DEMAND

39.     Plaintiff Brazos hereby demands a jury on all issues so triable.

## V.     REQUEST FOR RELIEF

WHEREFORE, Plaintiff Brazos respectfully requests that the Court:

(a)     enter judgment that TP-Link infringes one or more claims of the '770 Patent literally and/or under the doctrine of equivalents;

(b)     enter judgment that TP-Link has induced infringement and continues to induce infringement of one or more claims of the '770 Patent;

---

[8] https://www.tp-link.com/in/home-networking/deco/deco-x60/; https://www.tp-link.com/us/mesh-wifi/; https://www.tp-link.com/us/deco-mesh-wifi/product-family/deco-m9-plus/; https://www.tp-link.com/in/home-networking/deco/deco-x20/#specifications.
[9] https://www.tp-link.com/us/support/faq/1598/.

(c) enter judgment that TP-Link has contributed to and continues to contribute to the infringement of one or more claims of the '770 Patent;

(d) award Brazos damages, to be paid by TP-Link in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by TP-Link of the '770 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

(e) declare this case exceptional pursuant to 35 U.S.C. § 285; and

(f) award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: October 31, 2020                    Respectfully submitted,

By:    /s/ *Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
**THE MORT LAW FIRM, PLLC**
100 Congress Avenue
Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 677-6825
Email: raymort@austinlaw.com

Adam G. Price
Texas State Bar No. 24027750
Christopher V. Goodpastor
Texas State Bar No. 00791991
Gregory S. Donahue
Texas State Bar No. 24012539
**DINOVO PRICE LLP**
7000 N. MoPac Expressway

Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627
Email: aprice@dinovoprice.com
cgoodpastor@dinovoprice.com
gdonahue@dinovoprice.com

**ATTORNEYS FOR PLAINTIFF WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT**